**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: ) | Case No.: 15-23532-AJC |
| ) | Chapter 7 |
| MADY GOMEZ, ) | |
| ) | |
| Debtor. ) | |
| ) | |

**MOTION FOR ENTRY OF AN ORDER APPROVING AND
AUTHORIZING SETTLEMENT AND COMPROMISE OF CONTROVERSY
BETWEEN THE TRUSTEE AND THE DEBTOR**

**Any interested party who fails to file and serve a written response to this motion within twenty-one (21) days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.**

Soneet R. Kapila, as Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estate of Mady Gomez (the "**Debtor**"), moves this Court, pursuant to Bankruptcy Rule 9019 and Local Rule 9013-1(D), for the entry of an Order approving and authorizing the settlement and compromise of controversy between the Trustee and the Debtor (all parties above are sometimes referred to individually as a "**Party,**" collectively "**Parties**"), and states:

**BACKGROUND**

1. On July 28, 2015 (the "**Petition Date**"), the Debtor filed for relief under Chapter 7 of the Bankruptcy Code, in the United States Bankruptcy Court, Southern District of Florida, Miami Division, thereby commencing the Bankruptcy Case.

2. On July 28, 2015, the Debtor filed her Schedules and Statements [ECF No. 1] (the "**Schedules**"). The Debtor's Schedules list certain assets as exempt.

Salazar Jackson, LLP        www.SalazarJackson.com

3. On June 2, 2016, the Court entered the *Order Granting Trustee's Ninth Ex-Parte Motion for Extension of Time to (I) Object to Debtor's Claimed Exemptions Under 11 U.S.C. § 522; and (II) Object to Debtor's Discharge Under 11 U.S.C. § 727 or Challenge Dischargeability of Certain Debts Under 11 U.S.C. § 523* [ECF No. 67], which extended the deadline for the Trustee to object to the Debtor's claimed exemptions, discharge or dischargeability of certain debts until June 30, 2016.

4. The Trustee alleges that certain claimed exemptions of the Debtor are not exempt assets, but are property of the estate, and the Debtor denies such allegations.

## TERMS OF THE SETTLEMENT[1]

5. As a result of negotiations, the Parties have reached an agreement, which is memorialized in the Settlement Agreement (the "**Settlement**"). The Settlement is attached hereto as **Exhibit "A"**. In the Trustee's objective business judgment, the proposed Settlement Agreement will promote the most effective liquidation of the assets of the Debtor's estate, and provide a global resolution to potential litigation between the Parties. Subject to Court approval, the terms of the Settlement are summarized as follows:

   a. <u>Settlement Amount</u>. The Debtor shall pay $3,000.00 (the "**Settlement Amount**") to the Trustee on or before seven (7) days after the full execution of the Settlement.

   b. <u>Releases</u>. The Settlement Agreement provides for general releases between the Parties.

## BASIS FOR APPROVAL OF THE SETTLEMENT

6. The decision of whether or not to approve a settlement in a bankruptcy proceeding is within the sound discretion of the court. *See In re Arrow*

---

[1] To the extent there are any inconsistencies between the terms of the Settlement and this Motion, the parties agree that the terms of the Settlement control.



*Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988), citing *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F. 2d 599, 602-03 (5th Cir. 1980), *Anaconda-Ericsson, Inc. v Hessen (In re Teltronics Services Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985), and *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), *cert. denied sub nom. Stein v. McGrath*, 306 U.S. 636 (1939).

7. The Court must evaluate whether the settlement falls below the "lowest point in the range of reasonableness." *Anaconda Ericsson, Inc. v. Hessen (In re Teltronics Services Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985); *Newman v. Stein*, 464 F. 2d 689, 693 (2d Cir.), *cert. denied*, 409 U.S. 1039 (1972); *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2nd Cir.), *cert. denied*, 464 U.S. 822 (1983).

8. The standards under which a settlement is to be considered are set forth in *In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.), *cert. denied*, 498 U.S. 959 (1990). Indeed, courts must determine whether the settlement is fair and equitable by considering:

   a. probability of success in the litigation;
   b. difficulties, if any, to be encountered in the matter of collection;
   c. complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and
   d. paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.*

9. The proposed settlement satisfies the standards set forth in *In re Justice Oaks II* because (a) the Settlement avoids the expense and uncertainty of litigation and (ii) brings finality to all potential disputes between the Trustee and the Debtor, thereby promoting the speedy administration of this case. Additionally, the Settlement minimizes further administrative expenses to the estate, increases the dividend available to creditors, and allows for the closure of this case within a reasonable time.

10. For these reasons, the Trustee believes that the settlement is in the best interests of the Debtor's estate and its respective creditors, is fair and reasonable, and respectfully requests the entry an Order approving the settlement and compromise between the Parties.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an Order substantially in the form attached hereto as **Exhibit "B"** (i) granting this Motion; (ii) approving the Settlement between the Trustee and the Debtor upon the terms and conditions set forth in the Settlement Agreement; and (iii) granting such other and further relief as this Court deems just and proper.

Dated: June 7, 2016						Respectfully submitted,

**SALAZAR JACKSON, LLP**
*Counsel for Soneet R. Kapilia, Chapter 7 Trustee*
2000 Ponce de Leon Boulevard, Penthouse
Coral Gables, Florida  33134
Telephone:  (305) 374-4848
Facsimile:   (305) 397-1021
Email:  Cloyd@SalazarJackson.com

By:     */s/ Jesse R. Cloyd*
            JESSE R. CLOYD
            Florida Bar No. 58388

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I certify that the foregoing document is being served this day on all parties identified on the Service List attached to the original hereof via transmission of Notices of Electronic Filing generated by CM/ECF, and via First Class U.S. mail, postage prepaid, on all parties on the attached Creditor Matrix.

                                                                                          */s/ Luis Salazar*
                                                                                            Luis Salazar

## SERVICE LIST

- **Jesse R Cloyd**      Cloyd@SalazarJackson.com; Lee-Sin@SalazarJackson.com
- **Steven Fraser**      nofbky@gmail.com
- **Soneet Kapila**      trustee@kapilaco.com; ecf.alert+Kapila@titlexi.com
- **Office of the US Trustee**      USTPRegion21.MM.ECF@usdoj.gov
- **Christian Savio**      csavio.ecf@rprslaw.com

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | |
|---|---|
| In re ) | Case No.: 15-23532-AJC |
| ) | Chapter 7 |
| MADY GOMEZ, ) | |
| ) | |
| _____Debtor._____ ) | |

## SETTLEMENT AGREEMENT

This *Settlement Agreement* ("**Agreement**") is made and entered into as of April __, 2016 by and between Soneet R. Kapila, the Chapter 7 Bankruptcy Trustee (the "**Trustee**") of the Estate of Mady Gomez in Case No. 15-23532-AJC ("**Bankruptcy Case**") and Mady Gomez (the "**Debtor**"). The Trustee and the Debtor are hereinafter collectively referred to as the "**Parties.**"

    A.    **WHEREAS**, on July 28, 2015, (the "**Petition Date**") the Debtor filed for relief under Chapter 7 of the Bankruptcy Code, in the United States Bankruptcy Court, Southern District of Florida, Miami Division (the "**Bankruptcy Court**"), thereby commencing the Bankruptcy Case.

    B.    **WHEREAS**, on July 28, 2015, the Debtor filed her Schedules and Statements [ECF No. 1] (the "**Schedules**").

    C.    **WHEREAS**, the Debtor's Schedules lists certain assets as exempt.

    D.    **WHEREAS**, on April 5, 2016, the Court entered the *Agreed Order Granting Trustee's Agreed Seventh Ex-Parte Motion for Extension of Time to (I) Object to Debtor's Claimed Exemptions Under 11 U.S.C. § 522; and (II) Object to Debtor's Discharge Under 11 U.S.C. § 727 or Challenge Dischargeability of Certain Debts Under 11 U.S.C. § 523* [ECF No. 58], which extended the deadline for the Trustee to object to the Debtor's claimed exemptions, discharge or dischargeability of certain debts until May 1, 2016.

    E.    **WHEREAS**, the Trustee alleges that certain claimed exemptions of the Debtor are not exempt assets, but are property of the estate (the "**Trustee Potential Objections**") and the Debtor denies such allegations.

    F.    **WHEREAS**, the Parties have exchanged information and support for their respective positions. As a result thereof, the Parties have reached a compromise and settlement of all potential disputes among the Parties. To avoid further expense and delay, and the uncertainty inherent in litigation, the Trustee and the Debtor have agreed to the following settlement, subject to the approval of the Bankruptcy Court, to resolve all disputes between them.

00302925.DOCX 9

G.  **WHEREAS**, in the interest of avoiding further costly and time-consuming litigation, the Parties have agreed to the terms set forth in this Stipulation.

**NOW, THEREFORE**, in consideration of the premises, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto, intending to be legally bound, hereby agree as follows:

1.  <u>Incorporation of Recitals.</u> The Parties agree that the above recitals are true and correct.

2.  <u>Settlement Amount</u>. The Debtor agrees to pay the total amount of $3,000.00 to the Trustee (the "**Settlement Amount**") on before 7 days after the full execution of this Agreement.

3.  <u>Bankruptcy Court Approval</u>. The Parties expressly acknowledge that this Agreement is subject to Bankruptcy Court approval.

4.  <u>Deadline to Objection to Exemptions and/or Discharge</u>. The Debtor agrees that the deadline for the Trustee to file an objection to the Debtor's claimed exemptions or for the Trustee to file an objection to Debtor's discharge or challenge dischargeability shall be extended until ten (10) days after the entry of the order approving this Agreement, and that the Trustee may file an agreed motion necessary to effectuate such extension.

5.  <u>No Misrepresentations or Omissions</u>. As part of this Agreement, the Debtor represents and warrants that to the Debtor's knowledge: (1) all information contained in the Schedules, is true and correct and (2) the Schedules contain no material misrepresentations or omissions, (3), all information and documentation provided by the Debtor to the Trustee (collectively, the "**Documents**"), is true and correct, and (4) the Documents contain no material misrepresentations or omissions. To the extent that the Debtor has intentionally failed to disclose any material assets, this Agreement shall not affect the Trustee's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

6.  <u>Trustee's Releases</u>. Upon the entry of the order approving this Agreement and the receipt of the Settlement Amount, except as to such rights, obligations or claims arising under this Agreement, the Trustee hereby releases and forever discharges, the Debtor from any and all claims, demands, costs, liabilities, obligations, suits, actions and causes of action of any and every nature, kind or description, whether legal or equitable, known or unknown, liquidated or unliquidated, contingent or non-contingent, suspended or unsuspended, including without limitations those arising in connection with or related to the Bankruptcy

Case, which the Trustee ever had, now has, or hereafter may have based upon or by reason of, in whole or in part, any act or omission to act, transaction, practice, or conduct existing at any time before the date of this Agreement.

7. **Debtor's Releases.** Upon the entry of the order approving this Agreement and the Trustee's receipt of the Settlement Amount, except as to such rights, obligations or claims arising under this Agreement, the Debtor hereby releases and forever discharges the Trustee, the Estate, its current and former representatives, directors, officers, shareholders, attorneys, trustees, insurers, employees, agents, subsidiaries, parents and related entities, predecessors, successors, and assigns from any and all claims, demands, costs, liabilities, obligations, suits, actions and causes of action of any and every nature, kind or description, whether legal or equitable, known or unknown, liquidated or unliquidated, contingent or non-contingent, suspended or unsuspended, including without limitation those arising in connection with or related to the Bankruptcy Case, which the Debtor ever had, now has, or hereafter may have based upon or by reason of, in whole or in part, any act or omission to act, transaction, practice, or conduct existing at any time before the date of this Agreement.

8. **Advice of Counsel.** The Parties acknowledge that they have been represented by counsel of their own choice or have been given the opportunity to be represented by counsel in the negotiations leading up to the execution of this Agreement. The Parties further represent that they have read this Agreement and have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect of this Agreement, and each Party has had or had the opportunity to have the Agreement fully explained to them by their counsel and understands the terms and provisions of this Agreement and its nature and effect. Each Party further represents that they are entering into this Agreement freely and voluntarily, and not relying on the representation of any other party or of counsel for any other party.

9. **Settlement Not an Admission.** Nothing in this Agreement or any negotiations or proceedings in connection therewith shall constitute or be deemed or claimed to be evidence of an admission of any liability by any Party, of the merit or lack of merit of any claim or defense of any Party, or of the truth of any contested matter. The Parties agree and acknowledge that this Agreement represents a settlement of disputed claims and that, by entering into this Agreement, no Party admits or acknowledges that they committed any wrongdoing. All communications (whether oral or in writing) between and/or among the Parties to this Agreement, their counsel and/or their respective representatives relating to, concerning or in connection with this Agreement, or the matters covered herein, shall be governed and protected in accordance with Federal Rule of Evidence 408 to the fullest extent permitted by law.

10. **Waivers and Amendments.** A provision of this Agreement may be

waived only by a writing signed by the waiving Party, and a provision may be amended only by a writing signed by all Parties to this Agreement.

11. **Authority to Execute Agreement.** Each person whose signature appears hereon individually represents and warrants to all Parties hereto that he or she has been duly authorized, and has full authority, to execute this Agreement on behalf of the entity on whose behalf this Agreement is executed.

12. **Further Cooperation.** The Parties agree to take such further acts and execute such additional documents as may be necessary or appropriate to carry out the provisions and purposes of this Agreement.

13. **Successors and Assigns.** This Agreement shall inure to the benefit of the Parties hereto and their respective, representatives, administrators, successors, trustees in bankruptcy, and assigns and each and every entity which now or ever was a division, parent, successor, predecessor, subsidiary or related entity of any kind for each Party and its respective legal successors and assigns.

14. **Costs and Fees.** Each party agrees to bear the expense of its own attorney's fees and costs in connection with this Agreement and the disputes settled by this Agreement.

15. **Interpretation.** The Parties acknowledge and agree that they all participated in drafting this Agreement. The Parties therefore agree that any statutory provision or rule of law providing for the interpretation of an instrument against the drafting Party shall not be applicable to this Agreement.

16. **Governing Law.** This Agreement shall be governed by, and construed in accordance with and the Bankruptcy Code and Federal Bankruptcy Rules.

17. **Jurisdiction.** During the course of the Bankruptcy Case any disputes concerning this Agreement shall be determined exclusively by the Bankruptcy Court, which shall have exclusive jurisdiction to interpret and enforce the terms of this Agreement, without a right to a jury trial.

18. **Invalidity.** If any term or provision of this Agreement is held to be invalid or unenforceable, the remaining portions of this Agreement will continue to be valid and will be performed, construed and enforced to the fullest extent permitted by law, and the invalid or unenforceable term will be deemed amended and limited in accordance with the intent of the Parties, as determined from the face of the Agreement, to the extent necessary to permit the maximum enforceability or validation of the term or provision.

19. **Entire Agreement.** This Agreement constitutes the complete, exclusive, and final agreement between the Parties concerning the subject matter

hereof, and supersedes any and all other agreements, understandings, negotiations, or discussions, either oral or in writing, express or implied, between the Parties hereto or any of their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Agreement. The Parties acknowledge that they have not relied on any representations, inducements, promises, agreements, or warranties, oral or otherwise, which are not expressly embodied in this Agreement. Rather, the Parties to this Agreement relied entirely upon their own judgment, beliefs and interest and the advice of their own counsel, and had a reasonable period of time to consider this Agreement.

20. <u>Signing in Counterparts</u>. This Agreement may be executed in counterparts and when each Party has signed and delivered one such counterpart of the Agreement to the other Party, each counterpart shall be deemed an original, and all counterparts taken together shall constitute one and the same Agreement, which shall be binding and effective as to the Parties hereto. The Agreement may be executed and delivered by facsimile or electronic mail, which shall have the same force and effect as if the signatures were original and delivered by non-electronic means.

IN WITNESS WHEREOF, the Parties hereto evidence their agreement and have executed this Agreement as of the day and year first below written.

**Soneet R. Kapila, Trustee**

Dated: 6/1/16

By: _Soneet Kapila_
Printed Name: Soneet Kapila
Title: Trustee

**Mady Gomez**

Dated: 4/21/16

By: _Mady Gomez_
Printed Name: MADY GOMEZ
Title: DEBTOR

# EXHIBIT "B"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: ) | Case No.: 15-23532-AJC |
| ) | Chapter 7 |
| MADY GOMEZ, ) | |
| ) | |
| Debtor. ) | |
| ) | |

### ORDER GRANTING MOTION FOR ENTRY OF AN ORDER APPROVING AND AUTHORIZING SETTLEMENT AND COMPROMISE OF CONTROVERSY BETWEEN THE TRUSTEE AND THE DEBTOR

**THIS MATTER** came before the court on the *Motion for Entry of an Order Approving and Authorizing Settlement and Compromise of Controversy between the Trustee and the Debtor* (the **"Motion"**) [ECF No. ___]. The Court having reviewed the Motion and proposed settlement, and finding that no objection has been filed under Local Rule 9013-1(D) and that the settlement meets the criteria set forth in *In re Justice Oaks II. Ltd.*, 898 F.2d 1544 (11th Cir. 1990), and thus, is in the best interests of the estate, it is ordered:

1. The Motion is **GRANTED** and the settlement is **APPROVED**.

2. The parties are directed to comply with the terms of the Settlement Agreement[1] as set forth in the Motion.

3. This Court shall retain jurisdiction to enforce the terms of the Settlement Agreement.

###

Submitted by:
Jesse R. Cloyd, Esq.
Salazar Jackson, LLP
2000 Ponce de Leon Blvd., Penthouse
Coral Gables, Florida  33134
Telephone:  (305) 374-4848
Email:  Cloyd@SalazarJackson.com

*(Attorney Cloyd is directed to serve a copy of this order on all creditors and interested parties and to file a certificate of service.)*

---

[1] Capitalized Terms used but not otherwise defined herein shall have the meaning set forth in the Motion.

2